UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-61125-STRAUSS

**JOYCE NDIMBIE,**

    Plaintiff,

v.

**SOUTHWEST HAMMOCKS, LLLP,**

    Defendant.

_____/

## ORDER

THIS MATTER came before the Court upon *pro se* Plaintiff's Emergency Complaint. [DE 1]. Plaintiff's Complaint contains several deficiencies which require Plaintiff to file an amended complaint.

Because Plaintiff has moved to proceed *in forma pauperis*, [DE 3], the screening provisions of 28 U.S.C. § 1915(e) apply. Under 28 U.S.C. § 1915, if a court determines that the case is frivolous or fails to state a claim on which relief may be granted, then the court "shall dismiss the case at any time." 28 U.S.C. § 1915(e). Although Federal Rule of Civil Procedure 8(a) does not require "detailed factual allegations," it does require "more than labels and conclusions"; a "formulaic recitation of the cause of action will not do." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level" and must be sufficient "to state a claim for relief that is plausible on its face." *Id.* at 555, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When a plaintiff is proceeding *pro se*, the Court must liberally construe the *pro se* pleadings and hold them to "less stringent standards" than pleadings drafted by attorneys. *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020). "Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014).

Plaintiff's Complaint asserts that this Court has jurisdiction based on the presence of a federal question and specifies that the federal statute at issue is the Violence Against Women Act of 2022 ("VAWA"). Plaintiff's Complaint contains a very brief statement of claim where she appears (but it is not entirely clear) to be seeking injunctive relief in the form of both an emergency transfer of her HUD-subsidized housing under VAWA and a stay of a writ of possession. There are no facts included in Plaintiff's statement of claim. Plaintiff then attaches an "Emergency Transfer Request for Victims of Domestic Violence, Dating Violence, Sexual Assault, or Stalking" form. [DE 1] at 6–13.[1]

Regarding the emergency transfer, as best the Court can tell, Plaintiff appears to base her request on 34 U.S.C. § 12491(e). That provision requires appropriate agencies to adopt a model emergency transfer plan for use by public housing agencies, owners, and managers that:

> [A]llows tenants who are victims of domestic violence, dating violence, sexual assault, or stalking to transfer to another available and safe dwelling unit assisted under a covered housing program if—
>
> (A) the tenant expressly requests the transfer; and
>
> (B)(i) the tenant reasonably believes that the tenant is threatened with imminent harm from further violence if the tenant remains within the same dwelling unit assisted under a covered housing program; or

---

[1] Plaintiff also attaches over 100 pages of additional exhibits to the Complaint ranging from police reports to documents filed in Florida state court.

>   (ii) in the case of a tenant who is a victim of sexual assault, the sexual assault occurred on the premises during the 90 day period preceding the request for transfer[.]

34 U.S.C. § 12491(e).  However, there is no private right of action to enforce that provision.  *See Adams v. Garcia*, No. 2:23-CV-05019-SPG-AGR, 2024 WL 3055478, at *2 (C.D. Cal. May 3, 2024).  Instead, the individual needs to file a complaint with the U.S. Department of Housing and Urban Development.  *See* U.S. Department of Housing and Urban Development, Your Rights Under the Violence Against Women Act, https://www.hud.gov/hud-partners/fair-housing-vawa.  And it is up to HUD to enforce the regulations executing this statute.  *Adams*, 2024 WL 3055478, at *2.  In other words, it does not appear that the statute entitles Plaintiff to an emergency transfer (absent a denial based on particular prohibited grounds) nor enables her to sue in order to force an emergency transfer.

Regarding the stay of the writ of possession, after reviewing the attachments to the Complaint, it appears Defendant has moved to evict Plaintiff from her apartment, and Plaintiff is seeking to resist that eviction.  Because Plaintiff does not cite to any specific provision of VAWA, and because Plaintiff's Complaint does not specifically or cogently allege particular facts in support of her claims, it is not entirely clear what the basis of Plaintiff's claim is.  It is possible that Plaintiff bases her request for a stay on 34 U.S.C. § 12494 or 34 U.S.C. § 12495(b).  These provisions prohibit a public housing agency, owner, or manager from discriminating or retaliating against an individual for exercising their rights under VAWA or for reporting criminal activity to law enforcement.  However, again, the Court is purely speculating as to what specific statute Plaintiff is attempting to proceed under due to the lack of facts in the Complaint and the vague reference to VAWA.

Ultimately, Plaintiff has not alleged sufficient facts from which the Court could determine that she has stated a claim for relief, let alone facts that entitle Plaintiff to the emergency relief she appears to seek. Relatedly, Plaintiff has failed to comply with the pleading requirements of Federal Rules of Civil Procedure 8 and 10. According to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1).

## CONCLUSION

Because Plaintiff has failed to allege sufficient facts demonstrating that she is entitled to relief, it is **ORDERED and ADJUDGED** that Plaintiff shall file an amended complaint by **June 23, 2025**.[2] That amended complaint must cure the deficiencies addressed in this Order. Specifically, Plaintiff must, at a minimum, identify the particular provisions of VAWA that she believes Defendant has violated and allege (in a simple and concise manner) the specific facts that support her claims. These allegations must include the specific actions Plaintiff alleges that Defendant has or has not taken and any other specific facts that Plaintiff believes entitle her to relief. Failure to do so will result in dismissal of Plaintiff's case.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 6th day of June 2025.

Jared M. Strauss
United States Magistrate Judge

---

[2] "Our cases make clear that 'a [pro se] plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice'—at least, that is, where 'a more carefully drafted complaint might state a claim.'" *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132 (11th Cir. 2019) (quoting *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018)) (alteration in original).