UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-61125-STRAUSS

JOYCE NDIMBIE,

    Plaintiff,
v.

SOUTHWEST HAMMOCKS, LLLP.
and CROSSROADS MANAGEMENT,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER was assigned to the undersigned United States Magistrate Judge pursuant to Administrative Order 2025-11. However, because I find that dismissal of this case is warranted, and because I do not presently have authority to issue a dispositive order, I am issuing a Report and Recommendation. I have separately entered an order directing the Clerk to randomly reassign this case to a District Judge of this Court. For the following reasons, I respectfully **RECOMMEND** that this action be **DISMISSED** and that all pending motions be **denied as moot**.

## BACKGROUND

Plaintiff initially filed an Emergency Complaint on June 5, 2025, purporting to allege violations of the Violence Against Women Act of 2022 ("VAWA"). [DE 1]. Because Plaintiff's Emergency Complaint did not contain any facts, and the basis for her Emergency Complaint was unclear, I directed Plaintiff to file an amended complaint addressing those deficiencies by June 23, 2025. *See* [DE 4]. On June 12, 2025, Plaintiff filed her Amended Complaint. [DE 7].

Plaintiff now purports to bring claims involving VAWA, the Fair Housing Act ("FHA"), and the Americans with Disabilities Act ("ADA"). [DE 7] at 3, 7. Plaintiff alleges that she "is a

Black female, aged [sic], indigent, [and] disabled." *Id.* at 7. She resided at a property that Defendants either owned or managed until Defendants evicted her through a writ of possession. *Id.* Over the course of her lease, Plaintiff allegedly suffered several break-ins to her apartment unit resulting in the theft of $4,800 in personal property and defilement of the unit. *Id.* at 7–8. Plaintiff alleges that she also suffered "daily abuse, harassment, aggravated battery, battery, stalking, theft, and property defilement" perpetrated or condoned by "property staff and known individuals on the premises." *Id.* Additionally, Defendants did not modify Plaintiff's apartment with a "deadbolt of similar high grade as those provided other tenants specifically a PAMEX deadbolt as opposed to the substandard, easily to break into deadbolt that left [Plaintiff] locked out of her unit multiple times." *Id.* at 8.

Plaintiff made "multiple complaints to Defendant and requested reasonable accommodations and an Emergency Transfer pursuant to VAWA 2022, which were ignored or denied." *Id.* Plaintiff's lease was set to expire June 5, 2025, but Plaintiff alleges Defendants wrongfully evicted her early because she reported abuse and requested accommodation. *Id.* at 8, 16. In her Amended Complaint, Plaintiff brings five claims against Defendants: (1) violation of the VAWA, (2) violation of the FHA, (3) retaliation, (4) failure to provide reasonable accommodation, and (5) violation of her civil rights under 42 U.S.C. §§ 1981, 1982, and 1983. *Id.* 15–16.

## **ANALYSIS**

Because Plaintiff has moved to proceed *in forma pauperis*, [DE 3], the screening provisions of 28 U.S.C. § 1915(e) apply. Under 28 U.S.C. § 1915, if a court determines that the case is frivolous or fails to state a claim on which relief may be granted, then the court "shall dismiss the case at any time." 28 U.S.C. § 1915(e). Although Federal Rule of Civil Procedure 8(a) does not

require "detailed factual allegations," it does require "more than labels and conclusions"; a "formulaic recitation of the cause of action will not do." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level" and must be sufficient "to state a claim for relief that is plausible on its face." *Id.* at 555, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When a plaintiff is proceeding *pro se*, the Court must liberally construe the *pro se* pleadings and hold them to "less stringent standards" than pleadings drafted by attorneys. *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020). "Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014).

As a general matter, Plaintiff's Amended Complaint is a shotgun pleading. There are four types or categories of shotgun pleadings. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). The "unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323. Plaintiff's Amended Complaint contains some general factual allegations, but the allegations are not numbered and do not correspond with a specific count. According to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). Because Plaintiff failed to associate particular facts with particular counts,

Plaintiff has failed to comply with the pleading requirements of Federal Rules of Civil Procedure 8 and 10. Plaintiff's Amended Complaint should be dismissed for this reason alone.

Turning to the merits, Plaintiff cannot sufficiently plead a violation of VAWA based on unlawful eviction because there is no private right of action to enforce VAWA's provisions that Plaintiff now cites. *See Perry v. Encore At Blvd One LLC*, No. 1:23-CV-02188-GPG-SBP, 2025 WL 977680, at *10 (D. Colo. Mar. 9, 2025), *report and recommendation adopted*, 2025 WL 977704 (D. Colo. Mar. 28, 2025) ("Furthermore, VAWA creates no broad private right of action that would encompass any claim Plaintiff attempts to bring here, where the crux of the matter is disability-based housing discrimination."); *Warren v. Boise Police Dep't*, No. 1:22-CV-00198-BLW, 2022 WL 17362154, at *3 (D. Idaho Dec. 1, 2022) ("[T]here is no broad private right of action under VAWA for victims of domestic violence."); *Cole v. Kramlinger*, No. 24-CV-03521 (JMB/DJF), 2024 WL 4608971, at *5 n.6 (D. Minn. Oct. 29, 2024) ("Further, it is not clear that VAWA establishes a private cause of action."); *Adams v. Garcia*, No. 2:23-CV-05019-SPG-AGR, 2024 WL 3055478, at *2 (C.D. Cal. May 3, 2024); (observing that VAWA does not confer a private right of action on impacted tenants); *see also United States v. Morrison*, 529 U.S. 598, 627 (2000) (finding VAWA's then-private right of action for victims of gender-motivated violence unconstitutional).[1]

Even if there was a private right of action, Plaintiff fails to allege facts that plausibly describe a violation of VAWA. 34 U.S.C. § 12491(b) prohibits denial or termination of housing assistance or eviction from housing "*on the basis that* the applicant or tenant is or has been a victim of domestic violence." (emphasis added). Here, there are no specific facts alleged from which the

---

[1] The most recent reauthorization of VAWA does create a private right of action for individuals whose intimate visual images are disclosed without their consent, allowing a victim to recover damages and legal fees. *See* 15 U.S.C. § 6851(b)(1)(A). Nothing in Plaintiff's Amended Complaint suggests that she is seeking to bring a claim under this provision.

Court could plausibly infer that Plaintiff's alleged status as a victim of domestic violence played any role in her eviction. Therefore, Count I of Plaintiff's Amended Complaint should be dismissed.

Plaintiff next alleges that Defendants violated the FHA "by allowing abuse to continue, failing to protect her, and evicting her unlawfully." [DE 7] at 16. Plaintiff's brief and conclusory allegation is insufficient to plausibly state a claim under the FHA. More importantly, Plaintiff fails to allege what provision of the FHA Defendant allegedly violated. "A plaintiff can establish a violation under the FHA by proving (1) intentional discrimination, (2) discriminatory impact, or (3) a refusal to make a reasonable accommodation." *Bonasera v. City of Norcross*, 342 F. App'x 581, 583 (11th Cir. 2009). Besides conclusively alleging that Defendants "discriminated against Plaintiff based on her race, gender, disability, and familial status," Plaintiff has not alleged how Defendants discriminated against her based on those categories. [DE 7] at 16. For example, Plaintiff does not allege any facts indicating that Defendants took (or failed to take) any action *because of* Plaintiff's race, gender, disability, or family status nor any facts that suggest that Defendants treated particular individuals outside Plaintiff's classes differently. Consequently, Count II of Plaintiff's Amended Complaint should be dismissed.

As to Plaintiff's retaliation claim, Plaintiff fails to allege under what statute she is bringing such a claim. In her Amended Complaint, Plaintiff lists that Defendants violated VAWA, FHA, and ADA. [DE 7] at 7. In her factual allegations, Plaintiff specifies that she "qualifies as a protected tenant under the VAWA 2022 and is entitled to the protections provided therein, including protection from eviction, discrimination, and **retaliation** as a victim of domestic violence, stalking, and related abuse." *Id.* (emphasis added). Plaintiff alleges that she engaged in protected activities by "reporting abuse [and] requesting accommodation." *Id.* at 16. Thus, based

5

on her factual allegations it appears Plaintiff is attempting to bring a retaliation claim under VAWA.  But, as stated earlier, there is no private right of action under VAWA (except a very limited carveout not applicable here) which eliminates any alleged retaliation claim under VAWA.[2]  *See Perry*, 2025 WL 977680, at *10; *Warren*, 2022 WL 17362154, at *3; *see also* 34 U.S.C. § 12494 ("The Secretary of Housing and Urban Development and the Attorney General shall implement and enforce this subpart consistent with, and in a manner that provides, the rights and remedies provided for in title VIII of the Civil Rights Act of 1968.").[3]  Count III of Plaintiff's Amended Complaint should be dismissed.

Next, Plaintiff alleges that "Defendant failed to grant reasonable modifications/accommodations for Plaintiff's disability as required under federal law."  [DE 7] at 16.  Like her retaliation claim, Plaintiff fails to allege under which statute she seeks to bring her claim.  The Court can only speculate that Plaintiff is relying on the FHA to support her claim since Plaintiff alleges in her jurisdiction section that this Court has jurisdiction under the FHA, and Plaintiff is referencing her disability.[4]

---

[2] Moreover, Plaintiff fails to allege any specific facts indicating what abuse she allegedly reported and when nor has she alleged any facts from which the Court could plausibly infer that Plaintiff's eviction has any connection with her alleged protected activity.

[3] Even if Plaintiff was attempting to bring a retaliation claim under the FHA, Plaintiff has failed to allege facts that could plausibly support a claim for relief.  "To establish a prima facie case of retaliation, a plaintiff must show that (1) he engaged in a protected activity; (2) the defendant subjected him to an adverse action; and (3) a causal link exists between the protected activity and the adverse action."  *Philippeaux v. Apartment Inv. & Mgmt. Co.*, 598 F. App'x 640, 644 (11th Cir. 2015) (quoting *Walker v. City of Lakewood*, 272 F.3d 1114, 1128 (9th Cir. 2001)).  Plaintiff's one line allegation and brief factual background section (which is disorganized, littered with conclusory allegations, and not tied to any specific count) is insufficient to state a claim upon which relief could be granted.

[4] Plaintiff also cites to the ADA in her jurisdiction section.  [DE 7] at 7.  The ADA requires certain types of property to make reasonable accommodations.  *See* 42 U.S.C. § 12181.  Plaintiff does not allege that Defendants' property (the one where she formerly resided) constitutes a "commercial

A failure to accommodate claim under the FHA has four elements, and a plaintiff must allege that "(1) he is disabled within the meaning of the FHA, (2) he requested a reasonable accommodation, (3) the requested accommodation was necessary to afford him an opportunity to use and enjoy his dwelling, and (4) the defendants refused to make the accommodation." *Bhogaita v. Altamonte Heights Condo. Ass'n, Inc.*, 765 F.3d 1277, 1285 (11th Cir. 2014).  Here, Plaintiff fails to satisfy the first element.  Plaintiff conclusively alleges that she is a "disabled individual," and "Defendant failed to grant reasonable modifications/accommodations for Plaintiff's disability as required under federal law." [DE 7] at 7, 16.  Plaintiff does not allege what her disability is and whether it falls within the FHA's definition of disability.  Moreover, the only modification request Plaintiff alleges in her Amended Complaint is that Defendants failed to modify her unit with a "PAMEX deadbolt" or one of "similar high grade as those provided other tenants." *Id.* at 8. Plaintiff does not allege how this requested accommodation was necessary (in light of her disability) to afford her an opportunity to use and enjoy her unit.  Thus, Count IV of Plaintiff's Amended Complaint should be dismissed.

Lastly, Plaintiff seeks to bring a civil rights claim against Defendants and alleges that "Defendant's actions constituted intentional racial and gender-based discrimination and deprivation of housing rights." [DE 7] at 16.  Plaintiff cites to 42 U.S.C. §§ 1981, 1982, and 1983. *Id.* at 6, 16.  However, Plaintiff has failed to plausibly allege a civil rights violation.  To state a claim under § 1981, a plaintiff "must allege (1) intentional racial discrimination (2) that caused a contractual injury." *Ziyadat v. Diamondrock Hosp. Co.*, 3 F.4th 1291, 1296 (11th Cir. 2021).  "As to the first element, a plaintiff may establish racial discrimination directly or circumstantially." *Id.*

---

facility" or "public accommodation" as defined in 42 U.S.C. § 12181.  Regardless, assuming the ADA could apply in this case, Plaintiff's claim would fail for the same reason her FHA failure to accommodate claim fails.

Plaintiff fails to allege any direct racial discrimination. She does not allege that Defendants uttered a racial slur at her or other racially charged language. Nor does Plaintiff allege circumstantial racial discrimination. Plaintiff fails to identify any "comparators of a different race who were 'similarly situated in all material respects' and were not subject to the same mistreatment." *Id.* (quoting *Lewis v. City of Union City, Georgia*, 918 F.3d 1213, 1229 (11th Cir. 2019)). Therefore, Plaintiff has failed to plead a viable § 1981 claim.

Section 1982 is similar to § 1981 "except that it focuse[s], not upon rights to make and to enforce contracts, but rights related to the ownership of property." *CBOCS W., Inc. v. Humphries*, 553 U.S. 442, 446 (2008). "The elements of a Section 1982 claim 'parallel' those required to state a Section 1981 claim—i.e., a plaintiff must adequately allege the same first two elements, as well as 'interference with the rights or benefits connected with the ownership of property.'" *Prestige Restaurants & Ent., Inc. v. Bayside Seafood Rest., Inc.*, No. 09-23128-CIV, 2010 WL 680905, at *7 (S.D. Fla. Feb. 23, 2010) (quoting *Daniels v. Dillard's, Inc.*, 373 F.3d 885, 887 (8th Cir. 2004)). For the reasons that Plaintiff's § 1981 claim fails, Plaintiff's § 1982 claim fails as well. Plaintiff has simply failed to allege any intentional racial discrimination.

Under § 1983, a plaintiff must establish that she was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999). Additionally, "the under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" *Id.* at 50 (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)). In this case, Defendants appear to be private entities, and Plaintiff has not alleged sufficient facts that could allow this Court to plausibly infer that Defendants' actions could be attributed to the government. *See Focus on the Fam. v. Pinellas Suncoast Transit Auth.*, 344 F.3d

8

1263, 1277 (11th Cir. 2003).  As a result, Count V of Plaintiff's Amended Complaint should be dismissed.

## CONCLUSION

Because Plaintiff fails to comply with the pleading requirements of Federal Rules of Civil Procedure 8 and 10 and fails to plausibly state a claim upon which this Court could grant relief, despite having the opportunity to amend her pleadings, I respectfully **RECOMMEND** that this action be **DISMISSED without prejudice** and that all pending motions be **denied as moot**.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with this Court.[5] Failure to timely file objections shall bar the parties from a *de novo* determination by a District Judge of this Court of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice.  *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Fort Lauderdale, Florida this 24th day of July 2025.

Jared M. Strauss
United States Magistrate Judge

---

[5] As set forth in Rule 4(b) of the of the Magistrate Judge Rules of this Court's Local Rules:

> Any party may object to a Magistrate Judge's proposed findings, recommendations or report under subsections 1(d), (e), and (f) of these rules, supra, within fourteen (14) days after being served with a copy thereof, or within such other time as may be allowed by the Magistrate Judge or District Judge.  Such party shall file with the Clerk of the Court, and serve on all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made, the specific basis for such objections, and supporting legal authority. . . .  A District Judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.